BLD-163                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1276
_____

JULIE MARIE RIEDER,
                                        Appellant,

v.

GANNON UNIVERSITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 11-cv-00078)
Magistrate Judge: Maureen P. Kelly
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 19, 2012
Before:   SCIRICA, SMITH AND CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 9, 2012)
_____

OPINION
_____


PER CURIAM

      Appellant Julie Rieder, a former student, filed an <u>in</u> <u>forma</u> <u>pauperis</u> civil action in

the United States District Court for the Western District of Pennsylvania against Gannon

University, invoking 28 U.S.C. § 1343, the jurisdictional counterpart of 42 U.S.C. §

1983, see Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 608 (1979). Rieder alleged that she was forced to withdraw from the University – or suffer a negative mark on her academic record – by a representative of the University Police and Safety Office. She was advised that she was "disruptive." The meeting in which she learned of this outcome was unannounced, and she was not provided with the evidence against her. Rieder also claimed that she was warned not to have any contact with members of the Gannon faculty. Rieder sought a formal written apology from Gannon, a full tuition refund, and a refund of the money she spent on books, prepaid parking, food, and her University Gold Card.

The University moved to dismiss the complaint for failure to state a claim for relief, Fed. R. Civ. Pro. 12(b)(6), and for lack of subject matter jurisdiction, Fed. R. Civ. Pro. 12(b)(1). In pertinent part, the University argued that Rieder failed to identify a violation of her civil rights, or even what right or rights she believed had been violated. Even if it was assumed that Rieder was attempting to state a claim under section 1983, she failed to allege wrongful conduct committed by a person under color of state law (the University is a private institution), and failed to allege that the conduct deprived her of a right secured by the Constitution or laws of the United States, see Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).

About ten days after the University's motion was filed, the Magistrate Judge, in an order filed on November 1, 2011, ordered Rieder to respond to the University's motion on or before December 1, 2011. In the meantime, the parties consented to jurisdiction by a Magistrate Judge, 28 U.S.C. § 636(c)(1). On December 8, 2011, when Rieder still had

2

not responded to the University's motion, the Magistrate Judge issued an Order to Show Cause why the action should not be dismissed for failure to prosecute. Rieder was given until December 29, 2011 to respond to the show cause order.

In an order entered on January 5, 2012, the Magistrate Judge dismissed the action with prejudice for failure to prosecute on the ground that Rieder had failed to respond to the University's motion to dismiss. The Magistrate Judge considered whether dismissal as a sanction was a proper exercise of discretion pursuant to the factors we identified in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), and reasoned that it was proper because Rieder was personally responsible for responding to the orders in that she was proceeding pro se; her failure to respond to two different orders appeared to be willful and constituted a history of dilatoriness; and a money sanction would not be effective because Rieder had filed the action in forma pauperis. The other Poulis factors were neutral. In concluding, the Magistrate Judge observed that it did not appear that Rieder was serious about pursuing her case. Rieder filed a letter addressed to the Magistrate Judge, indicating her wish to appeal the decision, resulting in the instant appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised Rieder that her appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. She was invited to submit argument in writing, but she has not done so.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Under Federal Rule of Civil Procedure 41(b), the Magistrate Judge was authorized to dismiss

3

Rieder's action *sua sponte* if Rieder failed to prosecute her case or comply with a court order. See Link v. Wabash Railroad Co., 370 U.S. 626, 630 (1962). We review the dismissal of an action under Rule 41(b) for abuse of discretion. See Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008).

In Poulis, 747 F.2d 863, we directed the courts to balance six factors in determining whether a dismissal with prejudice is an appropriate sanction for dilatory conduct. Those six factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. See id. at 868. Not every factor must weigh in favor of dismissal so long as most do. See, e.g., Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988).

The Magistrate Judge's sanction of dismissal of Rieder's complaint was an appropriate exercise of discretion. A weighing of the Poulis factors showed that Rieder personally engaged in willful and dilatory conduct in that she would not respond to the University's motion to dismiss despite being ordered to do so twice by the Magistrate Judge. The Magistrate Judge considered whether a money sanction would be effective and properly noted Rieder's pauper status. In her notice of appeal, which *was* timely filed, Rieder asserted that she is disabled and that the University violated her civil rights. Dismissal of the complaint is a serious sanction, particularly where, as here, the

4

Magistrate Judge was unable to determine whether the allegations had arguable merit, but the responsibility for prosecuting civil rights allegations concerning her alleged disability rests with Rieder, and an unwillingness to prosecute the case leaves a court with no other choice but to dismiss it. Here, the Magistrate Judge dismissed Rieder's action with prejudice as a sanction, but the action also could have been dismissed with prejudice under Rule 12(b)(6) because Gannon University is not a state actor, see Nicini, 212 F.3d at 806. Moreover, Rieder's own willful failure to respond to the University's motion to dismiss ultimately prevented her from attempting to state a claim for relief by alleging, for example, a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, in connection with her alleged forced withdrawal from school.

For the foregoing reasons, we will summarily affirm the order of the Magistrate Judge dismissing the complaint with prejudice for failure to prosecute.